UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNA MARIA CULMONE-SIMETI,

                    Plaintiff,

          -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,
                    Defendant.

**OPINION AND ORDER**

17 Civ. 02313 (ER)

Ramos, D.J.:

*Pro se* Plaintiff Anna Maria Culmone-Simeti brings this action against the New York

City Department of Education ("DOE" or "the Defendant") alleging that she was discriminated

against pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA") and faced a

hostile work environment.  Plaintiff filed her first Complaint on March 30, 2017 alleging (1) age

discrimination in violation of the ADEA; (2) age discrimination in violation of the New York

State Human Rights Law ("NYSHRL"); and (3) age discrimination in violation of New York

City Human Rights Law ("NYCHRL").  Plaintiff later abandoned her NYSHRL and NYCHRL

claims.  Thereafter, this Court granted DOE's motion to dismiss Plaintiff's ADEA claim

pursuant to Federal Rule of Civil Procedure 12(b)(6) on July 11, 2018 without prejudice to re-

plead her claims in an amended complaint.  *See Culmone-Simeti v. New York City Dep't of*

*Educ.*, 17 Civ. 2313 (ER), 2018 WL 3384437 (S.D.N.Y. July 11, 2018) ("*Culmone-Simeti I*").

Plaintiff filed her amended complaint on August 10, 2018 pursuant to the ADEA and the Older

Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626(f).  Doc. 26.  Plaintiff alleges that

she was discriminated against and subjected to a hostile work environment based on her age.  *Id.*

at 5. Moreover, Plaintiff alleges that the Board of Education (BOE) brought false disciplinary charges against her, and forced her to resign under duress, five months prior to her twenty-year anniversary of pensionable service with BOE. *Id*. ¶¶ 12, 14. Pending before the Court is the Defendant's motion to dismiss Plaintiff's amended complaint. Doc. 34. For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

## I.  BACKGROUND

### A.  Factual Background[1]

In the amended complaint, Culmone-Simeti alleges that the DOE took adverse actions against her including terminating her employment, providing her with terms and conditions of employment different from similar employees, harassing and verbally abusing her, and creating a hostile work environment. Amend. Compl., Doc. 26 at 5. She also alleges that she was not advised of her rights under the OWBPA when she signed the settlement agreement in exchange for the DOE's dropping of the §3020-a disciplinary charges, even though she acknowledges that she was represented by counsel when she signed.[2] *Id*. ¶¶ 14, 17. She seeks monetary damages and asks the Court to grant her injunctive relief directing the defendant to re-employ her for the time needed to complete twenty years of service and back pay of lost pension credit.[3] *Id*. at 6.

---

[1] The following facts, accepted as true for purposes of the instant motion, are based on the allegations in Culmone-Simeti's Amended Complaint and Opposition to Defendant's Motion to Dismiss, as well as the facts in *Culmone-Simeti I* at *1-9.

[2] New York Education Law § 3020-a sets out the procedures and penalties for discipline of teachers. "If a teacher . . . is rated ineffective for the second consecutive year, and an independent validator agrees, the district may bring a proceeding pursuant to Education law §§ 3020 and 3020-a." *Douglas v. N.Y.C. Dep't of Educ.*, 34 N.Y.S.3d 340, 346 (Sup. Ct. 2016) (citing N.Y. Educ. Law § 3012-c(5-a)(j)).

[3] A back pay of lost pension credit refers to the accumulated pension payment that she would have received if she retired after her 20th work anniversary.

### B. Procedural History

On July 11, 2018, this Court granted the DOE's motion to dismiss Plaintiff's initial complaint. *Culmone-Simeti I* at *8. On August 10, 2018, Culmone-Simeti filed her first amended complaint.[4] Defendant now moves to dismiss Culmone-Simeti's complaint on the grounds that (1) her claims are barred by her prior waiver of rights with respect to all matters arising out of the disciplinary charges to which she agreed to settle; (2) her claims are time-barred, in part; and (3) she otherwise fails to state a plausible claim upon which relief can be granted. Doc. 34 at 1-2.

## II. LEGAL STANDARD

### A. Motion to Dismiss under Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). However, this "flexible 'plausibility standard'" is not a heightened pleading standard, *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 n.3 (2d Cir. 2007) (citation

---

[4] The Second Circuit has instructed courts not to dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

omitted), and "a complaint. . . does not need detailed factual allegations" to survive a motion to dismiss, *Twombly*, 550 U.S. at 555.

The question on a motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 615 (S.D.N.Y. 2012) (quoting *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995)). "[T]he purpose of Federal Rule of Civil Procedure 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits" or "weigh[ing] the evidence that might be offered to support it." *Halebian v. Berv*, 644 F.3d 122, 130 (2d Cir. 2011) (internal citations and quotation marks omitted). Accordingly, when ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014); *see also Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable. . ."). "For purposes of this rule, the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (internal quotation marks omitted).

**B.  *Pro Se* Plaintiff**

The same standard applies to motions to dismiss in cases brought by pro se plaintiffs. *Davis v. Goodwill Indus. of Greater New York & New Jersey, Inc.*, 2017 WL 1194686, at *5 (S.D.N.Y. 2017) (citing *Zapolski v. Fed. Repub. of Germany*, 425 F. App'x 5, 6 (2d Cir. 2011)). The Court remains obligated to construe a pro se complaint liberally, and to interpret a pro se plaintiff's claims as "rais[ing] the strongest arguments that they suggest." *Triestman v. Fed.*

*Bureau of Prisons*, 470 F.3d 471, 474 (2d. Cir. 2006) (citing *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). The obligation to be lenient while reading a pro se plaintiff's pleadings "applies with particular force when the plaintiff's civil rights are at issue." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Nevertheless, "pro se status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). To survive a motion to dismiss pursuant to Rule 12(b)(6), a pro se plaintiff's pleadings still must contain "more than an unadorned, the defendant-unlawfully-harmed me accusation." *Iqbal*, 556 U.S. at 678. A pro se complaint that "tenders naked assertion[s] devoid of further enhancement" will not suffice. *Id.* (internal quotations omitted) (quoting *Twombly*, 550 U.S. at 557).

## III.    DISCUSSION

In her amended complaint, Plaintiff asserts a claim of age discrimination under the ADEA and OWPBA. Amend. Compl. add. ¶¶17, 19. Additionally, Plaintiff alleges that the BOE subjected her to a hostile work environment and that it brought false disciplinary charges. *Id.* at 5. For the reasons set forth below, Culmone-Simeti's claims are dismissed.

### A. ADEA Claim

The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1); *see also* 29 U.S.C. § 631(a) (establishing that the ADEA applies only to individuals who are at least 40 years old). A prima facie case of age discrimination is established by showing (1) membership in a protected class, (2) qualification for the position, (3) an adverse employment action, and (4) circumstances supporting an inference of age discrimination. *Kassner v. 2nd Ave. Delicatessen*

*Inc.*, 496 F.3d 229, 238 (2d Cir. 2007) (citing *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 639 (2d Cir. 2000)).

### 1.    Membership and Qualification

As found in *Culmone-Simeti I*, Culmone-Simeti has satisfied both the protected class requirement and the qualification requirement under the ADEA.[5]  Accordingly, only the third and fourth elements are in dispute.

### 2.    Adverse Employment Action

A plaintiff has suffered an adverse employment action where she has endured "a 'materially adverse change' in the terms and conditions of employment."  *Kassner*, 496 F.3d 229, 238 (quoting *Galabya*, 202 F.3d 636, 640).  "To be 'materially adverse' a change in working conditions must be 'more disruptive than a mere inconvenience or an alteration of job responsibilities.'"  *Galabya*, 202 F.3d 636, 640 (quoting *Crady v. Liberty Nat'l Bank & Trust Co. of Ind.*, 993 F.2d 132, 136 (7th Cir. 1993)).

### i.    Culmone-Simeti does not sufficiently allege that she was forced to resign.

Culmone-Simeti asserts that she was forced to resign because of her age.  Amend. Compl. add. ¶¶ 14–15.  As the Court explained previously, the resignation must have been in fact *involuntary* as a result of coercion or duress.  *Culmone-Simeti I* at *5 (citing *Cadet v. Deutsche Bank Sec., Inc.*, No. 11 Civ. 7964 (CM), 2013 WL 3090690, at *11, 2013 U.S. Dist. LEXIS

---

[5] Culmone-Simeti belongs to a protected class because she was 57 years old when the DOE allegedly began discriminating her on the basis of her age.  See Doc. 26 ¶ 2 (stating that she was born on July 26, 1956).  Defendant also concedes that Plaintiff satisfies the first prong of the ADEA analysis.  Doc. 34 at 13.  Culmone-Simeti has also plausibly alleged that she was qualified for her position and thus satisfies the second requirement under the ADEA. *See Culmone-Simeti I* at *12.  To satisfy the second element, a "plaintiff must show only that he 'possesses the basic skills necessary for performance of [the] job.'"  *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 92 (2d Cir. 2001) (alteration in original) (quoting *Owens v. N.Y.C. Hous. Auth.*, 934 F.2d 405, 409 (2d Cir. 1991)).  Culmone-Simeti alleges that she had been an ESL teacher for nearly 20 years when she resigned in 2016, Compl. add. ¶ 3, including 17 years earning satisfactory ratings, and that she has a college degree and master's degree equivalency, Culmone-Simeti Aff. ¶ 24.

87328 at *30 (S.D.N.Y. June 18, 2013)). Culmone-Simeti still has not plausibly alleged that her resignation constituted a constructive discharge or an adverse employment action. Courts regularly refuse to find constructive discharge "where an employee had an avenue through which he could seek redress for the allegedly 'intolerable' work atmosphere . . . but failed to take advantage thereof." *Silverman v. City of New York*, 216 F. Supp. 2d 108, 115 (E.D.N.Y. 2002), *aff'd*, 64 F. App'x 799 (2d Cir. 2003); *see also Stembridge v. City of New York*, 88 F. Supp. 2d 276, 285–86 (S.D.N.Y. 2000) (finding no constructive discharge where the "plaintiff had the opportunity to present his side of the story in the scheduled disciplinary hearing" but "chose not to participate in the process"), *aff'd mem.*, No. 00-7668, 2000 U.S. App. LEXIS 38697 (2d Cir. Dec. 18, 2000). Culmone-Simeti alleges that "her only chance of not losing her license was to accept and sign a settlement with its terms of agreement and retire," but she could have disputed the negative ratings that formed the basis for such a firing at her disciplinary hearing. Amend. Compl. add. ¶ 14, Doc. 26. Instead, at the hearing, she opted to resign, and in exchange, the DOE dropped the disciplinary charges against her. Post-Charge Stipulation of Dismissal ¶ 1, Doc. 33. Because she chose not to seek redress through the disciplinary process, she was not constructively discharged.

Culmone-Simeti claims in the amended complaint that she was forced to sign the stipulation agreement under duress. Amend. Compl. add. ¶ 14, Doc. 26. "In order for a contract to be void for duress, one of three circumstances must be present: 1) duress by physical compulsion; 2) duress by threat; or 3) [duress] by undue influence." *Reid v. IBM Corp.*, No. 95 Civ. 1755 (MBM), 1997 U.S. Dist. LEXIS 8905, at *20 (S.D.N.Y. June 26, 1997) (alteration in original) (quoting *Evans v. Waldorf-Astoria Corp.*, 827 F. Supp. 911, 913 (E.D.N.Y. 1993), *aff'd mem.*, 33 F.3d 49 (2d Cir. 1994)).

Culmone-Simeti provides no additional facts in the amended complaint that demonstrate she was physically compelled. The facts similarly do not show that there was duress by threat. Although she alleges that she "was told [she] would be fired if [she] did not sign an agreement to resign," Compl. add. ¶ 4, this does not constitute duress by threat because as explained above, she had a viable alternative; to dispute the charges that formed the basis for a firing. DOE teachers may challenge charges brought against them at a formal hearing in front of an impartial arbitrator, but Plaintiff did not challenge the charges. Doc. 34 at 15. *See Wolfson v. Wolfson*, No. 03 Civ. 0954 (RCC), 2004 U.S. Dist. LEXIS 1485, at *19 (S.D.N.Y. Feb. 5, 2004) (stating that duress by threat requires "(1) a threat, (2) which was unlawfully made, (3) caused involuntary acceptance of contract terms, (4) and the circumstances permitted no alternative").

The facts similarly do not demonstrate that Culmone-Simeti signed the agreement under duress from undue influence. To state a claim of duress requires showing a requisite "wrongful and oppressive conduct that precluded the plaintiff from the exercise of [her] own free will." *Gaughan v. Rubenstein*, 261 F. Supp. 3d 390, 403 (S.D.N.Y. 2017) (quoting *McIntosh v. Consol. Edison Co.*, No. 96 Civ. 3624 (HB), 1999 U.S. Dist. LEXIS 3264, at *5 (S.D.N.Y. Mar. 19, 1999), *aff'd in unpublished table decision*, 216 F.3d 1072 (2d Cir. 2000)). There is no evidence that Culmone-Simeti was oppressed from exercising her own free will. As the Court previously stated in *Culmone-Simeti I* at *6, Culmone-Simeti freely consulted with counsel before signing the agreement, thus supporting the conclusion that she exercised her own informed judgment. Furthermore, the agreement specifically stated that Culmone-Simeti also had "all terms and conditions of this Stipulation of Settlement (the 'Stipulation') thoroughly explained" to her, and that "that she "affirms that she has entered into this agreement freely, knowingly, intelligently, and openly, without coercion or duress." *Id* at *2.

Culmone-Simeti also alleges that the DOE obstructed her right to a fair trial as the DOE had two years to build their defense compared to the nineteen days that she had. Amend. Compl. add. ¶ 13, Doc. 26. However, Culmone-Simeti is barred from making this claim because in signing the Stipulation of Settlement, she agreed to "waive the right to make any legal or equitable claims or to institute legal or administrative proceedings of any kind against one another, relating to or arising out of the terms and conditions of this stipulation, except to enforce compliance with this stipulation as required by law." Doc. 33, Exhibit A, at ¶ 6. Moreover, she agreed "that she will not institute a lawsuit or claim in any court or file a complaint in any administrative forum with respect to any matter arising from or related to her employment with the [BOE] to date." *Id.* As explained above, Culmone-Simeti freely exercised her opportunity to consult with counsel before signing the agreement.

      ii.    <u>Culmone-Simeti does not sufficiently allege any other adverse employment action.</u>

Culmone-Simeti alleges that she was not selected for a senior advisor position at the school in October 2013. Doc. 26 ¶ 4. Failure to promote may constitute adverse employment if the plaintiff can show that it is "sufficiently linked to . . . animus." *Treglia v. Town of Manlius*, 313 F.3d 713, 720 (2d Cir. 2002); *see also Mormol v. Costco Wholesale Corp.*, 364 F.3d 54, 57 (2d Cir. 2004) (observing that a tangible employment action "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits" (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. at 761)).[6] However, her failure-to-promote claim is

---

[6] A tangible employment action in most cases inflicts direct economic harm," *Ellerth* at 762, 118 S.Ct. 2257, but "there is no requirement that it *must* always do so," *Jin v. Metro. Life Ins. Co.,* 310 F.3d 84, 97 (2d Cir.2002) (holding that the plaintiff suffered a tangible employment action where she avoided economic harm by submitting to the supervisor's sexual advances).

time-barred, as she unsuccessfully applied for the position in October 2013, *Culmone-Simeti I* at *7, more than 300 days before she filed her charge of discrimination with the EEOC in March 2016. Initial Compl. ¶ III(A), Doc. 2. *See Fort Bend County, Texas v. Davis*, 2019 WL 2331306 at *2 (U.S., 2019) (explaining that a complainant has 300 days following the challenged practice to file a charge with the EEOC).

Next, Culmone-Simeti alleges that Assistant Principal Woods-Powell favored younger teachers by praising them often and dedicating extra time to them, while she criticized Culmone-Simeti and never followed through on modeling a lesson for her. Amend. Compl. add. ¶ 7, Doc. 26. She alleges that this is a form of neglect that constitutes an adverse action based on age discrimination. *Id.* However, this kind of conditions in employment are "'trivial harms'—i.e., 'those petty slights or minor annoyances that often take place at work and that all employees experience'"—which do not qualify as "materially adverse" employment actions. *Leon v. Dep't of Educ.*, No. 15 Civ. 7275 (KPF), 2017 U.S. Dist. LEXIS 45112, at *16 (S.D.N.Y. Mar. 27, 2017) (quoting *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 25 (2d Cir. 2014)).

Finally, Culmone-Simeti states that she received an overall ineffective rating because of age discrimination, which denied her the right to earn supplemental income. Amend. Compl. add. ¶ 11, Doc. 26. "Negative performance evaluations alone do not constitute adverse employment actions." *Culmone-Simeti I* at *7 (citing *Spaulding v. N.Y.C. Dep't of Educ.*, No. 12 Civ. 3041 (KAM) (VMS), 2015 WL 12645530, at *36–37 (E.D.N.Y. Feb. 19, 2015)). Mere negative performance evaluations that resulted in losing an opportunity to earn supplemental income do not constitute adverse employment actions where they were not accompanied by negative consequences to the conditions of the plaintiff's employment. *See Spaulding*, 2015 WL

12645530, at \*36.  Here, the ineffective rating did not impact the terms and conditions of her employment as a teacher.  Therefore, Culmone-Simeti has not shown that the ineffective rating resulted in negative consequences to her employment.

      3.      <u>Circumstances Supporting a Minimal Inference of Discrimination</u>

To withstand a motion to dismiss, a plaintiff must also plead "sufficient facts to plausibly support a minimal inference of 'but-for' causality" between her age and the adverse employment action.  *Marcus v. Leviton Mfg. Co.*, 661 F. App'x 29, 31-32 (2d Cir. 2016) (holding that the plaintiff must "plead facts that give 'plausible support to a minimal inference' of the requisite discriminatory causality" (quoting *Littlejohn*, 795 F.3d at 310-11)).

"An inference of discrimination can arise from circumstances including, but not limited to, 'the employer's criticism of the plaintiff's performance in [age-related] degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the [adverse action].'"  *Littlejohn*, 795 F.3d at 312 (quoting *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009)); *see also Leon*, 2017 U.S. Dist. LEXIS 45112, at \*18-19 (recognizing a minimal inference of discrimination where, "[t]hrough her alleged words and actions, [the principal] manifested a bias against [school] employees over the age of 40").  Additionally, in a failure-to-promote claim, an inference of discrimination can be shown "if the position was filled by someone not a member of plaintiff's protected class."  *Moorehead v. N.Y. City Transit Auth.*, 385 F. Supp. 2d 248, 252 (S.D.N.Y.) (quoting *Gomez v. Pellicone*, 986 F.Supp. 220, 228 (S.D.N.Y. 1997)), aff'd, 157 F. App'x 338 (2d Cir. 2005).

Culmone-Simeti still has not adequately plead enough factual allegations that "plausibly support a minimal inference of 'but-for' causality" between her age and the adverse employment action. *Marcus*, 661 F. App'x at 32.  Culmone-Simeti has alleged several remarks and treatment that

may suggest age-based animus. Her examples of such remarks and behavior consist of Assistant Principal Powell commenting that the school needs "fresh blood" and that another 61 year old teacher "look[ed] like she's dying," and selecting a new young teacher to fill a senior advisor position. Amend. Compl., Doc. 26 ¶¶ 5, 6, 8. However, these allegations do not support a minimal inference that they caused any cognizable adverse employment action. Culmone-Simeti thus failed to show that there may be but-for causality between her age and the adverse employment action, and her ADEA claim must be dismissed.

**B. OWBPA Claims**

As stated in *Culmone-Simeti*, "[t]he OWBPA buttresses the protections of the ADEA by providing that '[a]n individual may not waive any right or claim under [the ADEA] unless the waiver is knowing and voluntary' and complies with certain enumerated safeguards." *Culmone-Simeti I* at *7 (quoting 29 U.S.C. § 626(f)(1)). Thus, to the extent the settlement agreement failed to comply with the OWBPA, Culmone-Simeti may not have validly waived any right or claim under the ADEA for age discrimination, but this failure has no bearing on the voluntariness of her resignation. *Id.*

To determine if Culmone-Simeti validly waived a right or claim under the ADEA, the Court examines whether an employee has "knowingly and voluntarily" released ADEA claims as established by the OWBPA. The OWBPA provides that "a waiver may not be considered knowing and voluntary unless at a minimum–either 1) the individual is given a period of at least 21 days within which to consider the agreement or 2) the agreement provides that for a period of at least 7 days following the execution of such agreement, the individual may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired." Additionally, the "party asserting the validity of a waiver shall have the

burden of proving in a court of competent jurisdiction that a waiver was knowing and voluntary pursuant to paragraph (1) or (2)." 29 U.S.C. §§ 626(f)(i) and (g).

Defendant argues that Culmone-Simeti validly waived her rights after considering (1) plaintiff's education and business experience; (2) the amount of time plaintiff had to consider the terms of the waiver; (3) plaintiff's role in deciding the terms of the waiver; (4) the clarity of the waiver; (5) whether plaintiff was represented by counsel and had a fair opportunity to consult with counsel; (6) whether the waiver was made in exchange for valid consideration; and (7) whether the employer encouraged or discouraged plaintiff to consult an attorney. *See Bormann v. AT & T Communications, Inc*., 875 F.2d 399, 401-03 (2d Cir.); Doc. 34 at 7.

The Court concludes that Culmone-Simeti did not validly waive her rights under the ADEA for age discrimination because she was not advised of her rights under the OWBPA, such as her right to consider the agreement for 21 days and/or to revoke it within 7 days after execution when she signed the agreement. While Plaintiff was represented by private counsel, the Stipulation Agreement did not indicate that Plaintiff had 21 days to consider the agreement. However, even if Culmone-Simeti did not validly waive her rights, her adverse employment action claims must still be brought within the 300 day time-frame. 29 U.S.C. § 626(d)(1)(B); *see also Fort Bend County, Texas*, 2019 WL 2331306 at *2. As explained above, the plaintiff unsuccessfully applied for the position in October 2013, more than 300 days before she filed her charge of discrimination with the EEOC in March 2016. *Culmone-Simeti I* at *7. Therefore, this is time-barred.

### C. Hostile Work Environment

In order to establish a claim for hostile work environment, the harassment must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an

abusive working environment." *Terry v. Ashcroft*, 336 F.3d 128, 147 (2d Cir. 2003) (quoting *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002)). A plaintiff must establish that the conduct: (1) "is objectively severe or pervasive—that is, . . . creates an environment that a reasonable person would find hostile or abusive;" (2) creates an environment "that the plaintiff subjectively perceives as hostile or abusive;" and (3) "creates such an environment because of the plaintiff's protected characteristic. *Patane v. Clark*, 508 F.3d 106, 113 (2d. Cir. 2007) (quoting *Gregory v. Daly*, 243 F.3d 687, 691–92 (2d Cir. 2001)); *see also Terry*, 336 F.3d at 148 ("The same standards [for Title VII] apply to hostile work environment claims brought under the ADEA.") (citing *Brennan v. Metropolitan Opera Ass'n, Inc*., 192 F.3d 310, 318 (2d Cir. 1999)).

In determining whether a hostile work environment claim exists, courts must look at the "totality of the circumstances." *Terry*, 336 F.3d at 148 (quoting *Richardson v. N.Y. State Correctional Serv*., 180 F.3d 426, 437–38 (2d Cir. 1999)). Among the factors to consider are "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id*. (quoting *Harris v. Forklift Sys., Inc*., 510 U.S. 17, 23 (1993)). Incidents must be "sufficiently continuous and concerted in order to be deemed pervasive." *Perry v. Ethan Allen, Inc*., 115 F.3d 143, 149 (2d Cir. 1997) (internal quotation marks and citations omitted). While single, isolated acts usually do not fulfill the requirement, one may "meet the threshold if, by itself, it can and does work a transformation of the plaintiff's workplace." *Alfano*, 294 F.3d at 374; *see Howley v. Town of Stratford*, 217 F.3d 141, 153 (2d Cir. 2000).

While discrete claims of discrimination and retaliation must be brought within the 300-day limitations period to be actionable, a different rule applies with regard to hostile work

environment claims.  *Spence v. Bukofzer,* 15 Civ. 6167 (ER), 2017 WL 1194478, at *5 (S.D.N.Y. March 30, 2017) (citing *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101 (2002)).  The Supreme Court has explained that hostile work environment claims are different because they "cannot be said to occur on any particular day."  *National Railroad Passenger Corporation*, 536 U.S at 115.  Rather, such unlawful employment practice "occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own."  *Id.*  Because hostile work environment claims by their very nature involve repeated conduct over a long period of time, the Supreme Court explained that, as long as any act contributing to the hostile work environment claim falls within the 300-day period, "the entire time period of the hostile environment may be considered by a court for the purposes of determining liability."  *Id.* at 117.

Considering the totality of Culmone-Simeti's allegations, the Court finds that the Plaintiff has not sufficiently pleaded a hostile work environment claim.  As Defendants state, the remarks about age were not specifically directed at the Plaintiff, and are thus insufficient to support Plaintiff's claim.[7]  Doc. 34 at 19.  Instead of explaining how she was personally affected by the comments, the Plaintiff simply states that the comments constituted age discrimination.  Doc. 34 at 25-26; *see Batiste v City Univ. of N.Y.*, 16 CV 3358 (VEC), 2017 U.S. Dist. LEXIS 105575, *26 (S.D.N.Y. July 7, 2017); *Colon-Regus v. FEGS Health & Human Serv. Sys.*, No. 12 CV 2223 (AT) (KNF), 2015 U.S. Dist. LEXIS 32027, *24 (S.D.N.Y. Mar. 11, 2015).  Culmone-Simeti does not explain how the comments unreasonably interfered with her work performance.

---

[7] As explained above, Assistant Principal Powell made remarks that may suggest age-based animus.  According to Culmone-Simeti, Powell stated that older teachers should learn from their younger colleagues, and she also did not follow through on Culmone-Simeti's request to model a lesson.  Amend. Compl., Doc. 26 ¶¶ 6, 7.

## IV. CONCLUSION

For the reasons set forth above, the Defendant's motion to dismiss is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 32, and close this case.

It is SO ORDERED.

Dated: June 7, 2019
New York, New York

Edgardo Ramos, U.S.D.J.